Filed 7/7/14  P. v. Ali CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F067103 |
| v. | (Super. Ct. No. F12907764) |
| HUSSEIN KIETTY ALI, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Jon N. Kapetan, Judge.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Cornell, Acting P.J., Poochigian, J., and Franson, J.

Defendant Hussein Kietty Ali pled guilty to battery by a prisoner on a non-confined person (Pen. Code, § 4501.5)[1] and admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  On appeal, he contends the trial court failed to include in the record a document in support of its finding of a sufficient factual basis in support of defendant's guilty plea.  The People concede that we must remand for inclusion of the document in the record.  In light of a recent Supreme Court decision, however, we conclude remand is not required.

## **DISCUSSION**

### I.    *Law*

In *People v. Palmer* (2013) 58 Cal.4th 110 (*Palmer*), a recent case filed after both parties submitted their briefs in this case, the Supreme Court explained:

> "When a trial court takes a conditional plea of guilty or nolo contendere (hereafter no contest) to an accusatory pleading charging a felony, under Penal Code section 1192.5 it must 'cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea.'  '"The purpose of the requirement,"' we have said, '"is to protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged."'  (*People v. French* (2008) 43 Cal.4th 36, 50.)  In *People v. Holmes* (2004) 32 Cal.4th 432 (*Holmes*), we held the trial court can satisfy this requirement by inquiring of defense counsel regarding the factual basis of the plea, in which case, we said, 'it should request that defense counsel stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript, or written plea agreement.'  (*Id.* at p. 436, citing *People v. Wilkerson* (1992) 6 Cal.App.4th 1571, 1576-1579.)  We did not need to address in *Holmes,* and expressly left open, the question whether section 1192.5 is satisfied when counsel stipulates to a factual basis for the plea without referring to a particular document that provides

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

an adequate factual basis. (*Holmes, supra,* at p. 441, fn. 8.)" (*Palmer, supra,* 58 Cal.4th at pp. 112-113, fn. omitted.)

*Palmer* provided an opportunity for the Supreme Court "to answer the question left open in *Holmes, supra,* 32 Cal.4th 432: whether [defense] counsel's bare stipulation, without reference to any document describing the underlying facts, sufficiently establishes a factual basis for the plea." (*Palmer, supra,* 58 Cal.4th at pp. 113-114.) The court's conclusion was that "a bare stipulation without reference to any document describing the facts may, in an appropriate case, satisfy the requirements of section 1192.5." (*Id.* at p. 114.) The court explained that the defendant "acknowledged in the plea colloquy that he had discussed the elements of the crime and any defenses with his counsel and was satisfied with her advice"; therefore "the trial court did not abuse its discretion in finding a factual basis for defendant's no contest plea based on counsel's stipulation." (*Ibid.*)

The *Palmer* court explained its analysis in more detail:

"Section 1192.5 requires the trial court to make *an inquiry* to satisfy itself that there is a factual basis for a conditional plea of guilty or no contest. The purpose of the factual basis requirement is to help ensure that the constitutional standards of voluntariness and intelligence are met. (*Holmes, supra,* 32 Cal.4th at pp. 438-439.) In *Holmes* we observed that, although the statute requires the "'inquiry to be made of defendant" (§ 1192.5),' a 'stipulation by counsel to the plea's factual basis is consistent with the legislative purpose of the statute. While defendant may not be in a position to recognize whether his acts do or do not "'constitute the offense with which he is charged'" [citation], defense counsel is well suited to make such a determination.' (*Holmes, supra,* at p. 440, fn. 5.) We said the 'better approach' in this circumstance is for counsel's stipulation to include reference to a particular document that provides an adequate factual basis, but we did not hold such reference is required. (*Id.* at p. 441, fn. 8.) We now make clear that, while inclusion of such reference in the stipulation is desirable as a means of eliminating any uncertainty regarding the existence of a factual basis, the trial court may satisfy its statutory duty by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to recite facts or refer to a document in the record where, as here, the plea colloquy reveals that the defendant has discussed

3

the elements of the crime and any defenses with his or her counsel and is satisfied with counsel's advice.

"This rule is consistent with defense counsel's broad authority to stipulate to factual and procedural matters on his client's behalf. Even at trial, counsel may stipulate to the existence or nonexistence of essential facts. [Citation.] Counsel may also stipulate to the admissibility of evidence or to narrow the range of litigable issues. [Citations.] Stipulations obviate the need for proof and are independently sufficient to resolve the matter at issue in the stipulation. [Citation.]

"'[A] trial court possesses wide discretion in determining whether a sufficient factual basis exists for a guilty plea. The trial court's acceptance of the guilty plea, after pursuing an inquiry to satisfy itself that there is a factual basis for the plea, will be reversed only for abuse of discretion.' [Citation.] We see several reasons to accord trial courts flexibility in establishing a factual basis for the plea, without undermining the primary goal of assuring that the defendant entered the plea voluntarily and intelligently. A defendant may be factually guilty but still hesitate to stipulate to the truth of an entire document like a police report that contains details he or she either disputes or simply does not want to admit. If there is no stipulated sentence, counsel may fear the police reports will demonstrate the existence of aggravating factors that could cause the court to impose a higher sentence, or to reject the plea bargain altogether. In sensitive cases involving intrafamilial violence and abuse, a defendant may wish to avoid having confidential information about the victim become part of the public record in the case. Although, as defendant notes, a factual basis does not require recitation of detailed and damaging facts concerning the crime, and counsel may place on the record only facts that support a prima facie case [citation], a rule limiting trial courts' discretion to accept conditional pleas predicated on stipulations by counsel would raise potential concerns for the defense function. In particular, defense counsel may advise acceptance of a plea agreement based in part on admissions the client has made or on other defense investigation, and may rely on such admissions or investigation in stipulating to the factual basis for a plea. We will not read into section 1192.5 a requirement that counsel explicitly refer to those privileged sources as the basis for the stipulation.

"Here, defense counsel and the prosecutor, both officers of the court, stipulated to a factual basis for defendant's plea. Defendant affirmed during voir dire that he had discussed the elements of the crime with his counsel, and that he was satisfied with counsel's advice. At no time did he protest his factual innocence. On this record, the stipulation satisfied the

4

requirements of section 1192.5, and the trial court acted within its discretion in accepting defendant's plea." (*Palmer, supra*, 58 Cal.4th at pp. 118-119, fn. omitted.)

## II.    *Facts*

In the present case, the following occurred at the change of plea hearing:

"THE COURT:  Mr. Ali, sir, I'm holding in my hand a Change of Plea Form.  It has the name Hussein Ali on it as well as initials and signatures ….  Do you recognize this form?

"THE DEFENDANT:  Yes[,] Your Honor.

"THE COURT:  Mr. Ali, are those your initials and signatures on the form?

"THE DEFENDANT:  Yes, Your Honor.

"THE COURT:  And, sir, have you had enough time to discuss this matter with [defense counsel]?

"THE DEFENDANT:  Yes, Your Honor.

"THE COURT:  Sir, did you understand everything that you signed and/or initialed on this Change of Plea Form?

"THE DEFENDANT:  Yes, Your Honor.

"THE COURT:  [S]ir, as to the sole Count One, Penal Code [section] 4501.5, how do you plea[d]?

"THE DEFENDANT:  Guilty, Your Honor.

"THE COURT:  I'll accept your guilty plea as being freely, voluntarily and intelligently entered.  [¶]  I'll sign and incorporate the Change of Plea Form into the record.

"Counsel stipulate if I were to—strike that.  [¶]  [Defense counsel] has written out a stipulation or statement of facts.  [']The prison reports state that on 5/25/2012 in this county I punched a prison guard with a fist while I was a prisoner.[']

"[PROSECUTOR]:  It can't just say that they state.  There actually has to be a factual basis.

5

"THE COURT:  Do you want to offer one?

"[DEFENSE COUNSEL]:  If we're going to incorporate the document, we can incorporate the substance of [the] document.  So we'll stipulate to that.

"THE COURT:  Do you warrant [*sic*] to stipulate to the prison report that was filed in that case?

"[DEFENSE COUNSEL]:  To that portion that is reflected there.

"THE COURT:  Stipulate?

"[PROSECUTOR]:  Yes, Your Honor.

"THE COURT:  All right then.  I'll accept those stipulations to form a factual basis upon which to accept Mr. Ali's plea.  [¶] … [¶]

"THE COURT:  Mr. Ali, sir, do you understand you have the right to have a probation report completed in this case?

"THE DEFENDANT:  Yes, Your Honor.

"THE COURT:  Do you give up that right so I can sentence you immediately?

"THE DEFENDANT:  Yes, Your Honor.

"THE COURT:  People also give up their right?

"[PROSECUTOR]:  Yes, Your Honor….  [¶] … [¶]

"THE COURT:  All right then.  Anything further?

"[DEFENSE COUNSEL]:  No, Your Honor.

"THE COURT:  Any legal cause?

"[DEFENSE COUNSEL]:  No legal cause.

"THE COURT:  Waive formal reading [of] advisement of rights?

"[DEFENSE COUNSEL]:  Waived."

At this point, the court proceeded to sentence defendant.

### III.    *Analysis*

In this case, defendant informed the court that he had discussed the plea with counsel and that he understood everything in the plea form.  The court noted that counsel had offered a statement of facts in the plea form, but the prosecutor objected to the statement's reference to what the prison report *stated*.  Defense counsel then stipulated to the substance of the prison report—the "portion that is reflected there."  In other words, counsel stipulated to the facts in the prison report that had been written on the plea form, a document that is part of the record and states:  "The facts on which I base my plea are: THE … PRISON REPORTS STATE THAT ON 5-25-12, IN THIS COUNTY, I PUNCHED A PRISON GUARD WITH FISTS WHILE I WAS A PRISONER."

Although defense counsel referred to a specific document that is not part of the record, he also specified that he was stipulating to the portion of that document that stated the facts written on the plea form.  Defendant said he understood everything in the plea form, which included this factual statement, and he did not object to the stipulated factual basis or protest his factual innocence.  We believe that under these circumstances, counsel's stipulation was adequate, even without inclusion of the prison report in the record.  The specific facts to which he stipulated were plainly stated in the plea form and referenced by counsel.  We conclude the trial court properly determined that a sufficient factual basis existed for the plea and thus did not abuse its discretion in accepting the plea.  (*Palmer, supra,* 58 Cal.4th at pp. 118-119.)  Accordingly, we decline to accept the People's concession.

### DISPOSITION

The judgment is affirmed.